UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

Francesca Gonzalez and Peter Gonzalez,

                Plaintiffs,

  -against-                                  1:05 -CV-01618
                                                    (LEK/DRH)

L'Oreal USA, Inc.

                Defendant.
_____

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

The matter before the Court concerns a hair dye product that, when used according to the product's directions, allegedly caused a permanent patch of discoloration on the user's forehead. Complaint (Dkt. No.1). Plaintiff Francesca Gonzalez ("Plaintiff" or "Mrs. Gonzalez"), the user of the hair dye product, along with her husband, Plaintiff Peter Gonzalez ("Mr. Gonzalez"), asserts claims against the manufacturer of the hair dye product, L'Oreal USA ("Defendant" or "L'Oreal"), seeking damages and injunctive relief. Complaint (Dkt. No. 1) at ¶ 5. Plaintiffs allege that Defendant is liable under theories of negligence, strict products liability, breach of warranty and violation of Plaintiffs' constitutional rights pursuant to 42 U.S.C. §1983. Mr. Gonzalez also seeks damages for loss of consortium. Id. Currently before the Court is Defendant's motion to dismiss, pursuant to Rules 12(b)(5) and 12(b)(1) of the *Federal Rules of Civil Procedure*. F.R.C.P. 12(B)(1), (5).

In August 2002, Plaintiff purchased Defendant's product, L'Oreal Preference Ultra Long-

---

[1] For printed publication by the Federal Reporters.

Lasting Coloring System. Complaint (Dkt. No. 1) at ¶ 13. According to Plaintiffs, the next day Plaintiff performed an Allergy and Strand Test, as recommended by the instruction guide accompanying the package. Id. at ¶ 15. Afterwards, Plaintiff allegedly mixed and applied the hair color removal product, and then the hair coloring product, as directed by the instruction guide. Id. at ¶¶ 18-25. After using the product, Plaintiff allegedly noticed a red area on the right side of her forehead. Id. at ¶ 26. Eventually, according to Plaintiffs, by January 2003, the patch of discolored skin on Plaintiff's forehead changed color, so that it was darker on one side than the other. Id. at ¶ 27. Additionally, Plaintiff noticed that her right eyebrow had become partly white. Id. Plaintiff reports that she sought medical treatment for the discoloration and, despite treatment for at least two (2) years after the use of the product, the discolored patch has not improved. Id. at ¶¶ 28-48.

## II. Discussion

A.   Dismissal for Failure to Serve in a Timely Manner

Defendant alleges that service of the Summons and Complaint was not effected with 120 days after the Complaint was filed, as required by Rule 4(m) of the *Federal Rules of Civil Procedure.* Deft's Mem. of Law (Dkt. No. 15, Attach. 5) at 4. Failure to serve a defendant within 120 days is grounds for dismissal, absent a showing of good cause. FED. R. CIV. P. 4(M); Romandette v. Wheetabix Co., Inc. 807 F.2d 309, 311 (2d Cir. 1986). Defendant did not receive the Complaint and Summons until August 17, 2006, 231 days after the Complaint was filed on December 29, 2005. Deft's Mem. of Law (Dkt. No. 15, Attach 5) at 4. Because Plaintiff successfully applied to proceed *in forma pauperis*, the 120 day period is tolled while the *in forma pauperis* application is pending. Sidney v. Wilson, 228 F.R.D. 517, 523 (S.D.N.Y. 2005).

Plaintiff's *in forma pauperis* application, filed on December 29, 2005, was granted on January 31, 2006; accordingly, to be timely, service had to be effected by May 31, 2006, 78 days before service was finally made.

Plaintiffs employed the United States Marshal's Service to serve process on Defendant. If a *pro se* plaintiff has made sufficiently diligent efforts to have the United States Marshal's Service serve a defendant within the relevant time period, then there is good cause for the plaintiff's failure to timely serve process. See Romandette, 807 F.2d at 311. In this case, Plaintiffs have not shown sufficiently diligent efforts to ensure that the service was effected. Plaintiffs originally provided the United States Marshal's Service with an incorrect address to serve Defendants. Process Receipt and Return (Dkt. No. 20, Ex. A). The United States Marshal's Service notified Plaintiffs on March 3, 2006 that service could not be effected at that address. Id. However, Plaintiffs did not provide the United States Marshal's Service with an alternate address under May 26, 2006, almost three (3) full months later. Letter (Dkt. No. 23, Ex. C). Although plaintiffs proceeding *in forma pauperis* are entitled to rely upon the United States Marshal to effect service, that reliance is not absolute; plaintiffs always retain the obligation to provide the process servers with the necessary information and to generally make diligent efforts. Because Plaintiffs did not meet this standard, the Complaint is subject to dismissal without prejudice.

   B.  Dismissal for Lack of Subject Matter Jurisdiction

Plaintiffs' Complaint is also subject to dismissal for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and accordingly, can adjudicate "only those cases within the bounds of Article III of the United States Constitution and Congressional enactments stemming therefrom." MCI Telecomm. Corp. v. New York Telephone Co., 134 F. Supp. 2d 490,

495 (N.D.N.Y. 2001) (Kahn, D. J.) (internal citations omitted).  A party seeking to assert subject matter jurisdiction bears the burden of proving that it exists.  See Makarova v. United States., 201 F.3d 110, 113 (2d Cir. 2000).  In evaluating a motion for summary judgment based on lack of subject matter jurisdiction, the allegations in the complaint must be assumed to be true.  Brown v. Bronstein, 389 F. Supp. 1328, 1330 (S.D.N.Y. 1975).

Plaintiff argues that this Court has proper jurisdiction in this case under 28 U.S.C. § 1331, because the case "arises under" federal law.  Plaintiffs seek to challenge the constitutionality of 21 U.S.C. § 361.  Plntfs' Mem. of Law (Dkt. No. 20) at 4.  Additionally, Plaintiffs pled a cause of action under 42 U.S.C. §1983[2], as well as state law claims for negligence and products liability.  As is discussed below, Plaintiffs' claims that might conceivably give rise to federal subject matter jurisdiction are without merit.  As a result, this Court does not have proper jurisdiction over Plaintiffs' federal law claims or pendant state law claims.  MCI Telecomm. Corp., 134 F. Supp. 2d at 495.

      1.     Facial Challenge to Statute

Plaintiffs assert a facial challenge to the constitutionality of 21 U.S.C § 361, in that the statute "failed and continues to fail to safeguard and protect Plaintiffs from the harmful hazardous toxic coal tar chemicals...that are used in Defendant's products, as well as hundreds of cosmetics products in the United States."  Plntfs' Mem. of Law (Dkt. No. 20) at 4.  Section 361, which

---

[2] In their pleadings, Plaintiffs assert a cause of action under 28 U.S.C. §1343(3) and (4). However, jurisdiction exists under section 1343 only when recovery is sought "under one of the substantive statutes to which section 1343 relates." Nouse v. Nouse, 250 F. Supp. 97, 98 (D. Md. 1978). Because "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights," Myers v. Wollowitz, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, D. J.), the Court has understood Plaintiff's claim to fall under section 42 U.S.C §1983.

4

describes when cosmetics are "adulterated" under the Federal Food, Drug and Cosmetics Act, specifically exempts coal hair dyes, if they are properly labeled, even if the chemicals found therein are "poisonous or deleterious." 21 U.S.C. § 361(A). See Toilet Goods Ass'n v. Finch, 419 F.2d 21, 29 (2d Cir. 1969). Plaintiffs allege that the statute is unconstitutional both as applied to them and in general. Since Plaintiffs are proceeding *pro se*, this Court must construe their submissions liberally and interpret them "to raise the strongest argument that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). This judicial obligation is intended to "protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)). However, even construed liberally, Plaintiffs' allegations are without merit. Although Plaintiffs raise understandable concerns about the safety of chemicals in many consumer products, they do not assert a valid conflict between the statute in question and rights and privileges protected by the United States Constitution. Accordingly, Plaintiff's challenge to the constitutionality of 21 U.S.C. § 361 must fail.

    2. Claims asserted under 21 U.S.C. § 362

  Plaintiffs' pleadings allege that Defendant violated labeling requirements laid out in the Food, Drug and Cosmetics Act ("FDCA"), in particular 21 U.S.C.§ 362. Plntfs' Mem. of Law (Dkt. No. 20) at 19-20. However, whether or not this allegation is true, Plaintiffs are not entitled to bring such a claim as there is no private right of action for a violation of the FDCA. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 806-7 (1986) ("the FDCA does not create or imply a private right of action for individuals injured as a result of violations of the act") (internal citations omitted).

  The Supreme Court has noted that, in the absence of a private right of action, a federal court

has subject matter jurisdiction over a claim **only** if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 28 (1983). In Merrell Dow, the Supreme Court found that a claim referring to the FDCA as a criterion for evaluating negligence did not depend necessarily on a substantial question of federal law. 478 U.S. at 807. "Because the jury could find negligence on the part of [the defendant] without finding a violation of the FDCA, the plaintiffs' causes of action did not depend necessarily upon a question of federal law. Consequently, the causes of action did not arise under federal law." Id.; See also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mf'g., 545 U.S. 308, 318 (2005) (noting that if a federal standard without a federal cause of action justified federal court jurisdiction, then federal courts would have had to deal with "a tremendous amount of cases" that raise state claims with embedded federal issues). Therefore, because Plaintiffs do not have a private right of action under the FDCA and their causes of action do not depend necessarily on a question of federal law, their claims under the FDCA do not "arise under" federal law for the purpose of finding subject matter jurisdiction.

        3.        Claims under Section 1983

Section 1983 allows a plaintiff to assert a claim for deprivation of rights secured by the Constitution or laws of the United States, if the defendant was acting under color of state law when he deprived plaintiff of his rights. 42 U.S.C. § 1983. For a defendant to be determined to be acting under color of state law, he must "fairly be said to be a state actor." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). A private person can be subject to liability under this statute "if he or she willfully collaborated with an official state actor in the deprivation of the federal right." Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993). However, "[s]ection 1983 excludes

from its reach merely private conduct, no matter how discriminatory or wrongful." Sullivan, 526 U.S. at 50 (internal quotations and citations omitted). Defendant is a private company and was not accused of collaborating with an official state actor. Accordingly, Defendant's actions cannot be understood to fall under color of state law and no cause of action lies against Defendant under Section 1983.

Because none of Plaintiffs' claims have merit and arise under federal law, there is no basis for the jurisdiction of federal court. Subject matter jurisdiction cannot be gained by the consent of the parties, or of the Court. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Instead, jurisdiction is defined by Constitutional and statutory boundaries. Accordingly, as there is no proper federal jurisdiction over Plaintiffs' claims, they cannot be heard in this Court.

    4.    State Law Claims

Plaintiffs' state law claims also cannot be heard by this court. Because there is no valid federal subject matter jurisdiction over Plaintiffs' claims, the pendant state claims must also be dismissed. "[W]hen a court dismisses a case pursuant to 12(b)(1) it is precluded from exercising supplemental jurisdiction over related state claims." MCI Telecomm. Corp., 134 F.Supp.2d at 495 (citing Cushing v. Moore, 970 F.2d 1103, 1106 (2d Cir.1992)).

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion to dismiss be **GRANTED** (Dkt. No. 15); and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   May 24, 2007
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge